Morrison v. Corliss.

*5 7 Mu,( 97*

HARRISON G. O. MORRISON *versus* HIRAM CORLISS ET AL.

To save the forfeiture of a poor debtor's bond, some one of the alternative conditions of the bond must be performed *within six months thereafter.*

A disclosure *commenced*, but not concluded, and the oath taken within that time, although done on the day following, is not a compliance with the conditions of the bond, where the creditor gives no assent thereto, so much as to entitle the debtor to " an assessment of the real and actual damages."

REPORTED by APPLETON, J.

The facts necessary to a full understanding of the case appear in the opinion of the court.

*L. Barker*, counsel for the plaintiff.

*J. Bell*, counsel for the defendant.

APPLETON, J. This is an action of debt on a poor debtor's bond, bearing date March 12, 1853. Notice was given to the creditor to appear on the 12th of September, and hear the disclosure of his debtor. Upon this notice, he was present, and the hearing of the disclosure was commenced, but it was not completed, nor the oath taken, till the next day, to which it was continued by adjournment, without the consent of the plaintiff, and at the instance of the justices before whom the disclosure was had.

By R. S., ch. 148, s. 20, the conditions of the bond which the debtor, when arrested or imprisoned on execution, must procure to obtain his discharge, are, " that he will, *within six months thereafter*, cite the creditor before two justices of the peace and quorum, and submit himself to examination, and take the oath prescribed in the twenty-eighth section of this chapter, or pay the debt, interest, cost and fees, arising in said execution, or deliver himself into the custody of the keeper of the jail, into which he is liable to be committed under the said execution," &c.

To save the forfeiture of the bond, some one of the alternative conditions must be performed "within six months thereafter"—that is, after the date of the arrest. This the debtor has failed to do. The creditor must be cited, the examination had, and the prescribed oath taken within the time. By the certificate, as well as the evidence in the case, it appears that the oath was taken after the expiration of the time specified in the condition of the bond, within which it was to have been done. It matters not that the disclosure was seasonably commenced. It must be concluded and the oath taken. The language of the statute is explicit on the subject. It was for the debtor to take care that he cited the creditor in such season as would enable him to finish his disclosure within the time specified in the bond, given upon his enlargement from arrest. He has not done it, and the bond is forfeited.

This case is not like *Moor* v. *Bond*, 18 Maine R., 142. There the delay was had and the examination adjourned till

after the expiration of the six months, at *the request* of the creditor, and the court held in consequence thereof, that a strict performance of the bond was excused. But in the case before us, the adjournment was without the consent of the creditor. The magistrates, for their own convenience, were not authorized to extend the time of the bond, and the creditor in no way is found to have given his assent thereto.

The case is not within the statute of 1848, ch. 85, for there was no oath taken prior to the breach of any of " the conditions of the bond, so as to entitle the defendant to an assessment of the real and actual damages," by the jury or by the court, as is therein provided.

*Defendants defaulted.*